UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACKY LEE ROBINSON,

    Plaintiff

    v.                 C-1-07-729

CHIEF NURSE JANE DOE, *et al.*

    Defendants

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 31), defendants' objections (doc. no. 33) and plaintiff's response (doc. no. 35). The Magistrate Judge recommended that defendants' Motion to Dismiss (doc. no. 19) be denied.

Defendants object to the Judge's Report and Recommendation on the grounds that his findings are contrary to law.

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion of Defendants Jane Doe "Chief Nurse" and John Doe "Chief Dentist" of the Warren Correctional Institution to Dismiss Amended Complaint (Doc. 19); Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss (Doc. 20); and the Reply of Defendants Jane and John Doe to Plaintiff's Memorandum in Opposition to their Motion to Dismiss (Doc. 28). Also before the Court are Plaintiff's Motion to Compel Discovery (Doc. 26) and Defendants Jane and John Doe's Memorandum in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 29).

Plaintiff's Complaint alleges that officials at the Toledo Correctional Institution and the Warren Correctional Institution ("WCI") denied and delayed treatment for a "broken" tooth, causing Plaintiff pain and difficulty speaking and eating. Plaintiff experienced an approximate eight month delay before his tooth was finally removed. He seeks declaratory and monetary relief.

In his Motion to Compel, Plaintiff seeks an order from this Court compelling Defendants to comply with his discovery requests which seek the names of the Jane Doe and John Doe defendants from Warren Correctional Institution ("WCI"). Plaintiff claims that a Request for the Production of Documents was served upon counsel for Defendants in October of 2007. (*See* Doc. 20, Ex. A). While the Request for Production of Documents indicates it was served on or about October 23, 2007, it fails to indicate upon whom it was served. Moreover, as counsel for the Jane Doe and John Doe defendants from Warren Correctional Institution entered her "limited" appearance on June, 5, 2008,[1] it is unlikely that these requests were served upon her in October of 2007. It does appear that Plaintiff directed several discovery requests pertaining to the WCI defendants to counsel for the Toledo Correctional Institution, as well as counsel not associated with any defendants in this matter. (*See* Doc. 10, Exs. 1-9). However, on June 15, 2008, following present counsel's appearance in this matter, Plaintiff served his discovery requests upon counsel for

---

[1] Defense counsel for Jane Doe "Chief Nurse" and John Doe "Chief Dentist" of the Warren Correctional Institution filed a "Limited Notice of Appearance for the purpose of filing a Motion to Dismiss the Amended Complaint for insufficiency of process and insufficiency of service of process." (Doc. 18).

the WCI defendants. (Doc. 26, Ex. 1). Plaintiff's Motion to Compel was filed on June 23, 2008. Because the responses to Plaintiff's discovery requests were not due until July, 15, 2007, Plaintiff's motion is, as Defendants argue, premature.

Defendants seek dismissal of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) for insufficiency of process and insufficiency of service of process. (Doc. 20). Defendants argue that, because Plaintiff has failed to identify the names of the defendants at WCI and has failed to perfect service within 120 days following the filing of the Amended Complaint, Plaintiff's Amended Complaint should be dismissed as to those defendants. Plaintiff, however, seeks discovery to identify the unknown nurse and dentist at WCI. Plaintiff seeks his medical records for the period from November, 2005 until present. (*See* Doc. 11, Ex. 6). As argued by Defendants in their motion to dismiss, the identity of these employees can be ascertained through discovery, namely an examination of Plaintiff's medical files. As yet, it is unclear whether Plaintiff's medical records have been made available to him.

Although designation of a "John Doe" or "unknown" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985)(unpublished), 1985 W.L. 13614, citing *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Maclin v. Paulson*, 627 F.2d 83 (7th Cir.

1980). *In accord Downie v. City of Middleburg Hts.*, 76 F. Supp.2d 794, 801 n.5 (N.D. Ohio 1999). The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie,* 629 F.2d at 642; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). In this case, Plaintiff identified the unknown defendants as the Chief Nurse and Chief Dentist who were employed by WCI between the dates of February and July, 2006. (Doc. 11, Ex. 6; Doc. 26, Ex. 1). These are real persons whose identities could be discovered. Where service has not been obtained upon these defendants and where there is a substantial likelihood that further service can be made and personal jurisdiction may be attained over the unknown defendants, the proper course is to quash the improper service and grant the plaintiff an extension of time within which to effect proper service. *Stewart Coach Indus., Inc. v. Moore*, 512 F. Supp. 879, 886 (S.D. Ohio 1981), citing 5 Wright & Miller, Federal Practice and Procedure, §§ 1351, 1353-1354 (1969 & Supp. 1980). Therefore, the Complaint should not be dismissed at this juncture and Plaintiff should be given the opportunity to conduct discovery to ascertain the identities of the defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 26) be **DENIED** as premature. However, Plaintiff shall have sixty (60) days from the date of this order within which to discover the identities of the unknown defendants and re-submit completed summons forms, United States Marshal forms, and copy of the complaint for each defendant so service by the United States Marshal may be attempted. The Clerk of Court is **DIRECTED** to send to Plaintiff two (2) summons forms and United States Marshal forms for this purpose.

**IT IS FURTHER ORDERED** that, within twenty (20) days of this Order, the Health Care Administrator at Southern Ohio Correctional Facility, where Plaintiff is presently incarcerated, shall provide Plaintiff with his medical record in order to allow Plaintiff to ascertain the identity of the Chief Nurse and Chief Dentist employed by WCI between February and July of 2006.

## **CONCLUSION**

Upon a *de novo* review of the record, especially in light of defendants' objections, the Court finds that defendants' objections are not well-taken. The Court concludes the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. no. 31). For the above reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. 19) is **DENIED**.

The Motion for Stay (doc. no. 3) is **DENIED as MOOT.**

The representation of Lisa M. Eschbacher is accepted that she will direct the Healthcare Administrator to provide plaintiff with his medical records within twenty days of this Order.

This case is recommitted to the United States Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

                                                      s/Herman J. Weber
                                                Herman J. Weber, Senior Judge
                                                    United States District Court